STATE ex rel. BENNETT v. AMERICAN EXPRESS CO.

No. 3354.   Decided January 7, 1921.   (195 Pac. 312.)

COMMERCE—EXPRESS COMPANY NOT "COMMON CARRIER BY RAILROAD" WITHIN FEDERAL EMPLOYERS' LIABILITY ACT. The American Express Company is not a "common carrier by railroad" within the provisions of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665), but is subject to the state

Workmen's Compensation Act; a "common carrier by railroad" meaning one who operates a railroad as a means of carrying for the public.

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans*, Judge.

Suit by the State, on the relation of Roy M. Bennett, for recovery of an award of compensation under the Workmen's Compensation Act by the Industrial Commission, against the American Express Company. From a judgment for defendant, plaintiff appeals.

REVERSED, with directions.

*Dan B. Shields*, Atty. Gen., and *Willard Hanson* and *B. L. Liberman*, both of Salt Lake City, for appellant.

*Williams & Williams*, of Salt Lake City, for respondent.

WEBER, J.

As stipulated by the parties hereto, the facts are:

"Prior to July 8, 1917, Roy M. Bennett was regularly employed under contract of hire by the American Express Company at Salt Lake City as a driver of an express wagon. His general duties were to deliver express matter in and about Salt Lake City from said wagon and to assist in loading and unloading express matter on and from railroad cars at the Oregon Short Line depot. On July 8, 1917, he was engaged in assisting other employés in unloading cans of milk from a railroad express car at that time being used in the business of respondent. Just prior to the car being unloaded it had arrived at the Salt Lake City depot of said railroad in an interstate train and was loaded with cans of milk and cream collected in and shipped from Idaho. Said train was an interstate train originating at Portland, Or., and ran on regular schedule time from Portland through the states of Oregon and Idaho into Utah. The work engaged in at that time by the appellant was of the same character and nature as that engaged in by other employés present at the time and was a regular part of the work of such employés. While so en-

gaged at said time he received an injury to the eye which resulted in his becoming totally and permanently blind in the injured eye. Thereafter he filed his application with the Industrial Commission of Utah for compensation under the provisions of chapter 100, Laws Utah 1917. The express company appeared before that commission and objected to the commission's jurisdiction in the matter upon the ground that the express company is an interstate carrier by railroad and contended that for that reason it was not subject to any of the provisions of said chapter. It pleaded that it had not complied with nor accepted any of the provisions of said chapter whereby it might voluntarily become subject thereto. The objection was overruled and an award was made by the commission in Bennett's favor, of which the express company had due notice, and which it declined to pay. Thereupon a suit was brought under the provisions of section 69 of said chapter (Comp. Laws Utah 1917, § 3130) for the recovery of the award, the services of physicians and a penalty of 50 per cent. provided for in said action."

The principal facts alleged in the complaint are admitted by the answer, but the jurisdiction of said commission and the express company's liability under the provisions of the statute are denied. It was further pleaded that the rule of liability and method of compensation of the defendant express company to its employés on account of injuries at said time had been established by act of Congress, and that the provisions of that act fixed and determined the exclusive obligations of all interstate common carriers by railroad, including the defendant.

Among the findings of fact made by the court are these:

"That the defendant is a joint-stock association organized under the laws of the State of New York with authority to carry on an express business throughout the United States and elsewhere, and that it now is and for many years has been so engaged; that its express lines extend from the Atlantic to the Pacific Coasts and from the southern boundary of Canada to various points on the Gulf of Mexico; that it carries its express matter over various railroad lines extending between the aforesaid points, and to many intermediate places; that it does not own and operate any of the said railroad lines, but at this time it owns about 75 express cars used in its said business; that it secures the transportation of the property so transported and conveyed by it in pursuance of contracts entered into by it with the respective railroad companies over which the property is carried

and for which services it pays an agreed compensation; that under said contracts it secures the transportation of its own cars and the necessary additional space in cars of said railroad companies partially or wholly used by it in its said business, and that the property intrusted to it is carried in said cars and is in the personal custody during such transportation of its own employés, called express messengers; that such messengers ride in said express cars, and have personal charge for the defendant of the express matter intrusted to them, they receiving express packages or freight into said cars at various stations and delivering the same at the proper points of destination; that said express matter is so carried within the United States over about 70,000 miles of railroads; that, besides the railroad so employed, it uses, as a means of conveyance in its said business, teams and automobiles and electric cars for local delivery and collection of shipments; that the defendant publicly offers to carry and does carry all express packages and property of like class and quality for all persons applying to it for such service without difference or discrimination and forwards all such express matter in the order of its receipt for transportation and at rates previously fixed and which are filed with the Interstate Commerce Commission; that it is by reason of its said business subject to the provisions of the Interstate Commerce Law and to all orders of the Interstate Commerce Commission made by it in pursuance thereof."

As conclusions of law the court found:

"(1) That the plaintiff is not entitled to maintain the above-entitled action under the provisions of the act of the Legislature of Utah (chapter 100, Laws Utah 1917) mentioned in said findings of fact, and in pursuance of which this action is brought; (2) that the said defendant is not subject to any of the provisions of said act of the Legislature of Utah, and this action cannot be maintained against it; (3) that the liability of the defendant (if any) to the said Roy M. Bennett, for whose benefit this action is brought to recover for the injury alleged is fixed by the act of Congress of the United States usually called the 'Employers' Liability Act,' approved April 22, 1908 [U. S. Comp. St. §§ 8657-8665], and the amendment thereto approved April 5, 1910; that said act is exclusive of all other remedies; and that the attempt to subject the defendant to the provisions of the said act of Utah is repugnant to and in conflict with the said act of Congress, and further the said attempt seeks to deprive the said defendant of its right, privilege, and immunity to have its alleged liability herein determined by the said act of Congress."

From a judgment rendered in accordance with the above conclusions plaintiff appeals.

Appeal from Third District

The question is whether the defendant is a common carrier by railroad within the provisions of the federal Employers' Liability Act. If defendant comes within that act, the judgment of the district court was proper. If defendant is not a common carrier by railroad within the meaning of the federal Employers' Liability Act, the district court's judgment is erroneous.

In *Wells Fargo & Co.* v. *Taylor*, 254 U. S. ——, 41 Sup. Ct. 93, 65 L. Ed. ——, decided December 6, 1920, it was held that an express company is not within the federal Employers' Liability Act, and that the "words 'common carrier by railroad,' as used in the act, mean one who operates a railroad as a means of carrying for the public; that is to say, a railroad company acting as a common carrier." The views announced by the Supreme Court of the United States are controlling and decisive in this case.

The judgment of the district court is therefore reversed, and said court is hereby directed and ordered to set aside its conclusions of law and to enter others in accordance with the views herein expressed; also to enter judgment in favor of plaintiff in accordance with the prayer of the complaint, to wit, that plaintiff have judgment against defendant for the payment of $8.68 per week for a period of 100 weeks beginning on the 18th day of July, 1917, for $60 for medical services, and for 50 per cent. of said compensation as penalty for failure, neglect, and refusal to pay such compensation as required by law, together with legal interest on the unpaid compensation from the 18th day of July, 1917, to date of payment, and such other relief as he may be entitled to under the provisions of title 49, Comp. Laws 1917, and the amendments thereto. Plaintiff to recover costs.

CORFMAN, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.